IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT § <br> OF AMERICAN COMMERCIAL BARGE § <br> LINE LLC FOR EXONERATION FROM § <br> OR LIMITATION OF LIABILITY § <br> § <br> and § <br> § <br> IN THE MATTER OF THE COMPLAINT § <br> OF KINDER MORGAN MARINE § <br> SERVICES, LLC, AS OPERATOR AND § <br> OWNER OF THE M/V AUSTIN STONE § <br> FOR EXONERATION FROM OR § <br> LIMITATION OF LIABILITY § | CIVIL ACTION NO. H-17-3841 |

**MEMORANDUM OPINION AND ORDER**

Christopher Brothers ("Brothers" or "Claimant") filed suit in Harris County, Texas, against Kinder Morgan Marine Services, LLC ("KMMS") and American Commercial Barge Line, LLC ("ACBL") alleging claims of negligence, negligence per se, and gross negligence related to alleged injuries he sustained during two separate incidents while working aboard two KMMS vessels, the Elmer Stone and Austin Stone, in 2015 and 2016 respectively.[1] ACBL filed this limitation of liability action on December 21, 2017, seeking to

---

[1] See Plaintiff's First Amended Petition ("State Court Petition"), Exhibit B to Kinder Morgan Marine Services, LLC's Response in Opposition to Claimant's Motion to Dissolve Limitation Injunction ("KMMS's Response in Opposition to Dissolve"), Docket Entry No. 26-2, pp. 2-3; Claimant's Motion to Bifurcate, Docket Entry No. 23, p. 2 (stating that the 2015 accident occurred on the Elmer Stone and that the 2016 accident occurred on the Austin Stone).

limit its liability for injuries Brothers sustained in the 2016 incident. KMMS filed a separate limitation of liability action seeking to limit its liability to Brothers for his injuries arising from both the 2015 and 2016 incidents.[2] Brothers filed separate answers and claims against KMMS and ACBL in the two limitation actions.[3] The two limitation actions were consolidated on March 28, 2018.[4] KMMS filed its own answer and claims against ACBL on April 20, 2018, seeking indemnity and contribution from ACBL for liability it may incur to Brothers as a result of the 2016 accident.[5]

On July 19, 2018, the court issued an order staying the institution or prosecution of any of Brothers' claims against ACBL except in this action for exoneration.[6] Pending before the court are Claimant's Motion and Amended Motion to Dissolve Limitation Injunction (Docket Entry Nos. 22 and 34) and Claimant's Motion to Bifurcate (Docket Entry No. 23). For the reasons explained below, Brothers' motions will be denied.

---

[2] See Complaint for Exoneration from or Limitation of Liability, Docket Entry No. 1 in 4:18-cv-72.

[3] See Answer and Claims of Claimant Christopher Brothers, Docket Entry No. 4; Answer and Claims of Claimant Christopher Brothers, Docket Entry No. 3 in 4:18-CV-72.

[4] See Order [March 28, 2018], Docket Entry No. 11.

[5] See Answer and Claim [of Claimant Kinder Morgan Marine Services, LLC], Docket Entry No. 13, pp. 5-6.

[6] See Order Approving Stipulation for Costs and Security for Value and Directing Issuance of Notice, and Restraining Suits, Docket Entry No. 20, pp. 2-3.

## I. Claimant's Motion to Dissolve Limitation Injunction

"A shipowner facing potential liability for a maritime accident may file suit in federal court seeking protection under the [Limitation] Act, a statute that permits a shipowner to limit his liability for damages or injuries arising from a maritime accident to 'the amount or value of the interest of such owner in such vessel, and her freight then pending.'" In re Port Arthur Towing Co., 42 F.3d 312, 315 (5th Cir. 1995) (citing 46 U.S.C. app. § 183(a)). When a limitation action is filed by a vessel owner "the federal district court stays all related claims against the shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court." Id. (internal quotations omitted).

"[C]laims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." Odeco Oil and Gas Company, Drilling Division v. Bonnette, 4 F.3d 401, 404 (5th Cir. 1993) ("Odeco I"). To proceed in state court "*all claimants* must sign the stipulation protecting the shipowner's rights under the Limitation Act." Odeco Oil and Gas Company, Drilling Division v. Bonnette, 74 F.3d 671, 675 (5th Cir. 1996)

"Odeco II"). "[P]arties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act." Id.

In an attempt to proceed with his state court action, Brothers has made the following stipulation:

1. Petitioners are entitled to and have the right to litigate all issues relating to limitation of liability in this Court. Claimant specifically reserves his right to deny and contest in this Court all assertions and allegations made by Petitioners in their respective Complaints for Exoneration From or Limitation of Liability;

2. Claimant will not seek any judgment on the issue of Petitioners' right to limitation of liability in any other federal or state courts;

3. Claimant will not seek to enforce any judgment in excess of the value of the respective limitation funds pending the adjudication of the Complaints for Exoneration From or Limitation of Liability in this Court;

4. In the event there is a judgment or recovery in the state court in excess of the stated value of the respective limitation funds, in no event will Claimant herein seek to enforce that excess judgment or recovery insofar as the same may expose Petitioners to liability in excess of the stated value of the respective limitation funds unless and until the federal court finds that Petitioners are not entitled to such limitation;

5. Claimant waives any *res judicata* effect of the decisions of the state court on limitation of liability and the amount of the limitation fund.[7]

KMMS and ACBL argue that Brothers' stipulation is not sufficient for two reasons: First, KMMS and ACBL argue that the substance of

---

[7]See Claimant's Amended Motion to Dissolve Limitation Injunction, Docket Entry No. 34, pp. 3-4.

the stipulation is insufficient under Fifth Circuit precedent. Second, KMMS and ACBL argue that the stipulation fails regardless of its substantive sufficiency because KMMS is a claimant and has refused to sign the stipulation. The claims in this case exceed the value of ACBL's vessels.[8] KMMS is a "claimant" within the meaning of the Limitation Act because KMMS seeks indemnity and contribution from ACBL for its liability for the 2016 accident. For Brothers' stipulation to be sufficient, KMMS needed to sign it. But KMMS has expressly refused to do so.

The court is not persuaded by Brothers' argument that KMMS's indemnity and contribution claims should not be considered because they are based on KMMS's maintenance and cure obligation. Maintenance and cure is a contractual obligation a shipowner owes to a seaman. Brister v. A.W.I., Inc., 946 F.2d 350, 360 (5th Cir. 1991). Maintenance and cure claims typically accompany claims under the Jones Act or claims for unseaworthiness, both of which require a showing of fault or negligence and offer a more liberal recovery. See id. at 360-61. A shipowner cannot limit his liability to his employee for maintenance and cure in a limitation action because maintenance and cure is a contractual obligation. See id. KMMS is not seeking to limit its liability for maintenance and cure to Brothers. Neither Brothers nor KMMS is seeking

---

[8]See KMMS's Response in Opposition to Dissolve, Docket Entry No. 26, p. 3; Order Approving Stipulation for Costs and Security for Value and Directing Issuance of Notice, and Restraining Suits, Docket Entry No. 20, p. 2.

maintenance and cure from ACBL. Brothers' claims against ACBL and KMMS's indemnity and contribution claims against ACBL are tort claims. <u>Brister</u> does not prohibit KMMS from seeking indemnity or contribution from ACBL to recover what it must pay to Brothers in maintenance and cure as a result of the 2016 accident.

The stipulation is insufficient because not all claimants have agreed to sign it. Brothers' motions to dissolve the injunction will therefore be denied.

## II. <u>Claimant's Motion to Bifurcate</u>

A district court has discretion to order separate trials of one or more claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Fifth Circuit has cautioned that for bifurcation to be appropriate, the "issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice." <u>Swofford v. B & W, Inc.</u>, 336 F.2d 406, 415 (5th Cir. 1964), <u>cert. denied</u>, 85 S. Ct. 653 (1965).

"Tension exists between the saving to suitors clause and the Limitation Act because the former affords suitors a choice of remedies, while the latter gives shipowners the right to seek limitation of their liability exclusively in federal court." <u>In re Tetra Applied Technologies, L.P.</u>, 362 F.3d 338, 340 (5th Cir. 2004). Some courts have resolved this conflict by bifurcating the personal injury and limitation actions and allowing two separate

trials -- a federal bench trial on limitation of liability and a state jury trial on the personal injury claims. See Langnes v. Green, 51 S. Ct. 243, 247 (1931). To proceed in state court, however, all claimants in a multiple claimant limitation proceeding must "stipulate that the federal court has exclusive jurisdiction over limitation issues and [that] the claimants will not seek to enforce a greater damage award than the limitation fund . . . ." Texaco, Inc. v. Williams, 47 F.3d 765, 768 (5th Cir. 1995).

Brothers seeks to bifurcate this action in order to try his Jones Act and other maritime injury claims before a state court jury.[9] KMMS is a claimant under the Limitation Act. KMMS has refused to sign a stipulation promising not to enforce a damage award greater than the limitation fund. KMMS has also refused to agree to bifurcation.[10] Without certainty that KMMS and Brothers' claims against ACBL will not exceed the limitation fund, "the federal forum must remain the sole forum for adjudicating the claims against [ACBL]." Odeco II, 74 F. 3d at 675; Odeco I, 4 F.3d 405, n.7 (explaining that Pershing Auto Rentals, Inc. v. Gaffney, 279 F.2d 546, 552 (5th Cir. 1960), mandates that the federal forum remain the sole forum unless all claimants stipulate as to the shipowner's right to limitation). In the absence of a stipulation

---

[9]See Claimant's Motion to Bifurcate, Docket Entry No. 23, p. 2.

[10]See Kinder Morgan Marine Services, LLC's Response in Opposition to Claimant's Motion to Bifurcate, Docket Entry No. 27, p. 6.

signed by both Brothers and KMMS agreeing to ACBL's right to limitation, allowing Brothers' claims to proceed in state court would be inappropriate because the court cannot protect ACBL's right to limitation.

### III. Conclusion

Not all claimants have agreed to stipulate that they will not seek damages against ACBL in excess of the limitation fund. Brothers is therefore not entitled to proceed with the state court action, and this court will remain the sole forum unless KMMS agrees to sign a stipulation satisfying the requirements set out by the Fifth Circuit or this court determines that ACBL is not entitled to limit its liability. Claimant's Motion and Amended Motion to Dissolve Limitation Injunction (Docket Entry Nos. 22 and 34) and Claimant's Motion to Bifurcate (Docket Entry No. 23) are therefore **DENIED**.

**SIGNED** at Houston, Texas, on this the 14th day of March, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE