IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF AMERICAN COMMERCIAL BARGE LINE LLC FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § | |
| and | § | CIVIL ACTION NO. H-17-3841 |
| | § | (Consolidated With) |
| IN THE MATTER OF THE COMPLAINT OF KINDER MORGAN MARINE SERVICES, LLC, AS OPERATOR AND OWNER OF THE M/V AUSTIN STONE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § | CIVIL ACTION NO. H-18-0072 |

## MEMORANDUM OPINION AND ORDER

Christopher Brothers ("Brothers" or "Claimant") filed suit in Harris County, Texas, against Kinder Morgan Marine Services, LLC ("KMMS") and American Commercial Barge Line, LLC ("ACBL") alleging claims of negligence, negligence per se, and gross negligence related to alleged injuries he sustained during two separate incidents while working aboard two KMMS vessels, the Elmer Stone and Austin Stone, in 2015 and 2016 respectively.[1] ACBL filed this limitation of liability action on December 21, 2017, seeking to

---

[1] See Plaintiff's First Amended Petition ("State Court Petition"), Exhibit B to Kinder Morgan Marine Services, LLC's Response in Opposition to Claimant's Motion to Dissolve Limitation Injunction ("KMMS's Response in Opposition to Dissolve"), Docket Entry No. 26-2, pp. 2-3; Claimant's Motion to Bifurcate, Docket Entry No. 23, p. 2 (stating that the 2015 accident occurred on the Elmer Stone and that the 2016 accident occurred on the Austin Stone). All docket entry numbers are to Civil Action No. H-17-3841 unless otherwise stated.

limit its liability for injuries Brothers sustained in the 2016 incident.[2] KMMS filed a separate limitation of liability action seeking to limit its liability to Brothers for his injuries arising from both the 2015 and 2016 incidents.[3] Brothers filed answers and claims against KMMS and ACBL in the two limitation actions.[4] The two limitation actions were consolidated on March 28, 2018.[5] KMMS filed its answer and claims against ACBL on April 20, 2018, seeking indemnity and contribution from ACBL for liability it may incur to Brothers as a result of the 2016 incident.[6] On July 19, 2018, the court entered an order staying the institution or prosecution of Brothers' claims against ACBL except in this action for exoneration.[7] On January 22, 2019, the court entered an Order staying the institution of prosecution of Brothers' claims against KMMS except in this action for exoneration.[8] On January 22, 2019,

---

[2]Complaint, Docket Entry No. 1.

[3]See Complaint for Exoneration from or Limitation of Liability, Docket Entry No. 1 in Civil Action No. H-18-0072.

[4]See Answer and Claims of Claimant Christopher Brothers, Docket Entry No. 4; Answer and Claims of Claimant Christopher Brothers, Docket Entry No. 3 in Civil Action No. H-18-0072.

[5]See Order, Docket Entry No. 11.

[6]See Answer and Claim [of Claimant Kinder Morgan Marine Services, LLC], Docket Entry No. 13, pp. 5-6.

[7]Order Approving Stipulation for Costs and Security for Value and Directing Issuance of Notice, and Restraining Suits, Docket Entry No. 20, pp. 2-3.

[8]Order for *Ad Interim* Stipulation and Directing Issuance of Notice and Restraining Suits, Docket Entry No. 57.

ACBL filed a claim against KMMS for contribution and indemnity.[9] Brothers recently settled his claims against ACBL,[10] and on May 13, 2019, the court entered a Partial Final Judgment dismissing with prejudice Brothers' action against ACBL and dismissing with prejudice ACBL's claims against KMMS.[11] Because all claims between Brothers and ACBL have been dismissed, the court will vacate its Order of Consolidation and will dismiss Civil Action No. H-17-3841.

Accordingly,

(1) The court's Order of March 28, 2018, consolidating Civil Action No. H-17-3841 and Civil Action No. H-18-0072 (Docket Entry No. 11) is **VACATED**.

(2) Pursuant to the Partial Final Judgment (Docket Entry No. 96), Civil Action No. H-17-3841 will be dismissed. Because many of the live pleadings were filed in C.A. No. H-17-3841, the Clerk is **ORDERED** to electronically file duplicate copies of all pleadings and orders filed in C.A. No. H-17-3841 in C.A. No. H-18-0072.

Based on the present posture of the case and the stipulations of Brothers contained in Claimant's Renewed Motion to Dissolve Limitation Injunction (Docket Entry No. 85) and Claimant's Reply in Support of Claimant's Renewed Motion to Dissolve Limitation Injunction (Docket Entry No. 97) it appears that Claimant's Renewed Motion to Dissolve Limitation Injunction (Docket Entry No. 85)

---

[9]American Commercial Barge Line, LLC's Claim Against Kinder Morgan, Docket Entry No. 60.

[10]Joint Motion for Entry of Partial Final Judgment and Motion to Dismiss, Docket Entry No. 95.

[11]Partial Final Judgment, Docket Entry No. 96.

should be granted and Claimant's Renewed Motion to Bifurcate (Docket Entry No. 80) should be denied as moot. If the parties agree, they will submit a proposed agreed order by May 31, 2019. If the parties cannot agree, KMMS may submit a letter, not to exceed three double-spaced pages, by June 4, 2019, explaining its position; and Brothers may submit a three-page, double-spaced letter in response by June 6, 2019. The court will conduct a hearing on June 7, 2019, at 2:30 p.m., in Courtroom 9-B, 9th Floor, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

**SIGNED** at Houston, Texas, on this the 24th day of May, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE